IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD RITZ CALLAHAN, NEIL DEAN NEARY, EDWARD THOMAS McINTEE, and WILLIAM THOMAS PENGELLY,<br><br>Defendants. | CR 15–37–BU–DLC<br><br><br>ORDER |

Before the Court is Defendant William Thomas Pengelly's ("Pengelly")

motion to dismiss the Indictment in this case pursuant to Federal Rule of Criminal

Procedure 12(b)(1).[1]  Specifically, Pengelly contends that Counts I and II of the

Indictment should be dismissed because the counts "fail to adequately allege any

intent whatsoever to distribute, fail to establish a conspiracy between the

codefendants, and constitute mere recitation of the statutes with no supporting

---

[1] Pengelly filed the instant motion under seal because his brief contained sensitive information as defined in this District's Local Rule 49.1(a)(2)(B).  This Order will not be docketed under seal because it does not contain sensitive material as defined under the local rules.

facts." (Doc. 72 at 2.)  The Government had responded to Pengelly's motion and assert that it is without merit.  For the reasons discussed below, Pengelly's motion will be denied.

## BACKGROUND

Pengelly and his co-Defendants are charged in Count I of an underlying seven-count Indictment with conspiring to possess methamphetamine with intent to distribute (21 U.S.C. § 846).  The alleged conspiracy was purported to have occurred in Silver Bow County, in the State and District of Montana, beginning on or about June 2012, and continuing until on or about February 2013.  Count II of the Indictment also separately charges Pengelly and his co-Defendants with possession of methamphetamine with intent to distribute (21 U.S.C. § 841(a)(1)) during the same time period as Count 1.

## DISCUSSION

### A.  Motion to Dismiss

Pengelly asserts that Counts I and II of the Indictment should be dismissed because it fails to describe the conduct in furtherance of the alleged conspiracy. Pengelly further argues that the Indictment fails to meet the requirements of

Federal Rule of Criminal Procedure 7.[2]  Pengelly is mistaken.

Federal Rule of Criminal Procedure 7 provides "the indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  Fed. R. Crim. P. 7(c)(1).  An indictment is defective, and must be dismissed, when it fails to include the essential elements of the alleged crime.  *United States v. Keith*, 605 F.2d 462, 464 (9th Cir. 1979) (stating that "[t]he failure of an indictment to detail each element of the charged offense generally constitutes a fatal defect").  This requirement represents the constitutional guarantee under the Sixth Amendment to inform a criminal defendant "of the nature and the cause of the accusation."  *Lincoln v. Sunn*, 807 F.2d 805, 812 (9th Cir. 1987) (quoting U.S. Const. amend VI).

However, a review of the indictment need "not be overly technical."  *United States v. Cote*, 929 F. Supp. 364, 366 (D. Or. 1996).  An indictment must be: "(1) read as a whole; (2) read to include facts which are necessarily implied; and (3)

---

[2] Pengelly also appears to make the argument that this proceeding should be dismissed due a lack of sufficient evidence to support the charge.  (Doc. 86 at 3 ("Not only does the Indictment fail to state an offense, the evidence in this matter also fails to support the charges levied against Mr. Pengelly.").)  The Court declines to address this argument as it is premature; this issue must be addressed at trial.  *See United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) ("A defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence.  A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence.") (citation and quotation marks omitted).

construed according to common sense." *United States v. Blinder*, 10 F.3d 1468, 1471 (9th Cir. 1993) (citation omitted). The prosecution must only state "the essential facts necessary to apprise [the defendant] of the crime charged; the government [is] not required to allege its theory of the case or list supporting evidence to prove the crime alleged." *United States v. Musacchio*, 968 F.2d 782, 787 (9th Cir. 1991)(citations omitted). "In fact, an indictment that sets forth the charged offense in the words of the statute itself is generally sufficient." *Id.*

As stated above, Pengelly is charged in Count I of the Indictment with violating 21 U.S.C. § 846(a)(1).[3] The Ninth Circuit has found that "[a]n indictment under 21 U.S.C. § 846 is sufficient if it alleges: a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege or prove any specific overt act in furtherance of the conspiracy. Courts do not require as detailed a statement of an offense's elements under a conspiracy count as under a substantive count." *United States v. Tavelman*, 650 F.2d 1133, 1137 (9th Cir. 1981) (citations omitted). Here,

---

[3] Count I states "[t]hat between on or about June 2012, and continuing until on or about February 2013, in Silver Bow County, in the State and District of Montana, and elsewhere, the defendants, EDWARD RITZ CALLAHAN, NEIL DEAN NEARY, EDWARD THOMAS MCINTEE, and WILLIAM THOMAS PENGELLY, knowingly and unlawfully conspired and agreed with each other and with others, both known and unknown to the Grand Jury, to possess, with the intent to distribute, in violation of 21 U.S.C. § 841(a)(l), a substance containing a detectable amount of methamphetamine, a Schedule IT controlled substance, in violation of 21 U.S.C. § 846." (Doc. 1 at 1–2.)

4

Count I is sufficient because it charges a conspiracy to distribute methamphetamine, it provides a time frame for the conspiracy (June 2012 to February 2013), and it includes the statute allegedly violated. Count I satisfies the pleading requirements of Rule 7.

As stated above, Pengelly also challenges the sufficiency of Count II, which charges him with violating 21 U.S.C. § 841(a)(1). As conceded by Pengelly, in order to convict him of violating § 841, "the government must prove (1) the defendant knowingly possessed methamphetamine; [and] (2) that he possessed it with the intent to distribute it to another person." (Doc. 72 at 6 (citing 9th Cir Pattern Jury Instr. 9.15).) Here, Count II is sufficient because it states that Pengelly "knowingly and unlawfully possessed, with the intent to distribute, a substance containing a detectable amount of methamphetamine." Like Count I, Count II also satisfies the pleading requirements of Rule 7 and Pengelly's motion will be denied.

Accordingly, IT IS ORDERED that Defendant William Thomas Pengelly's Motion to Dismiss (Doc. 71) is DENIED.

Dated this 3rd day of May, 2016.

Dana L. Christensen, Chief District Judge
United States District Court